### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Zakiyyah Najir Mitchell fdba Mitch & Matt LLC fdba Presidential Vibes LLC fdba 1B Loading LLC fdba Franklin Investments LLC <br>                    Debtor(s) | CHAPTER 13 |
| PENNYMAC LOAN SERVICES, LLC <br>                    Moving Party <br> vs. | NO. 24-13937 AMC |
| Zakiyyah Najir Mitchell fdba Mitch & Matt LLC fdba Presidential Vibes LLC fdba 1B Loading LLC fdba Franklin Investments LLC <br>                    Debtor(s) | 11 U.S.C. Section 362 |
| Kenneth E. West <br>                    Trustee | |

### **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of February 24, 2025, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$5,549.96**. Post-petition funds received after February 24, 2025 will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | November 2024 through February 2025 at $1,212.74 each |
| Suspense Balance: | ($550.00) |
| Fees & Costs Relating to Motion: | $1,249.00 |
| **Total Post-Petition Arrears:** | **$5,549.96** |

2. The Debtor shall cure said arrearages in the following manner:

a). Beginning **March 2025**, Debtor shall pay to Movant the present regular monthly mortgage payment of **$1,212.74** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

b). Beginning **April 2025** and continuing through **November 2025**, until the arrearages are cured, Debtor shall pay an installment payment of **$616.67** towards the arrearages on or before the last day of each month, with a final installment payment of **$616.60** due **December 2025**, at the address below:

PennyMac Loan Services, LLC<br>
P.O. Box 660929<br>
Dallas, TX 75266-0929

c). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date:   February 28, 2025                     /s/ Denise Carlon
                                              Denise Carlon, Esq.
                                              Attorney for Movant


Date:   March 10, 2025                        /s/ Michael Guy Davey
                                              Michael Guy Davey
                                              Attorney for Debtor


Date:   March 10, 2025                        /s/ Jack K. Miller, Esquire   for
                                              Kenneth E. West
                                              Chapter 13 Trustee

                                              I have no objection to its terms, without prejudice to any of our rights and remedies

Approved by the Court this 20th day of March, 2025.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan