**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| In Re:<br><br>**Zakiyyah Mitchell,**<br><br>Debtor(s). | **Bankr. No. 24-13937-amc**<br><br>**Chapter 13** |
| --- | --- |

### MOTION TO MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION

Zakiyyah Mitchell, debtor in the above captioned case, by and through her attorney, Michael Davey, moves the Court for the relief set forth below:

1. Debtor filed her petition commencing this case under Chapter 13 of title 11 United States Code on October 31, 2024.  Debtor currently has a case pending in this court.

2. This Court most recently confirmed a plan in this case in an order dated April 29, 2025 (debtor's First Amended Plan).

3. The length of the most recently confirmed plan is 60 months and the base amount to be paid by the Debtor pursuant to its terms is $181,084.00.  The confirmed plan divides up the base amount as follows: $0.00 for unpaid attorney fees (owed to FCL LLC), $3,712.00 for priority income tax claims (owed to the IRS), $9,484.96 for arrears owed to the holder of a first mortgage secured by the debtor's homestead (owed to PennyMac Loan Services LLC), $177.08 for arrears owed to the holder of a debt secured by the debtor's homestead (the Water Revenue Bureau), $20.00 for arrears owed to the holder of a debt secured by the debtor's motor vehicle (Capital One Auto Finance), $18,108.40 for the chapter 13 trustee's estimated commission, and the remainder of $149,581.56 for a pro rata distribution to the debtor's timely filed general unsecured claims.

4. All but $12,607.41 of Debtor's property was claimed as exempt.  The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor had been liquidated under Chapter 7 of this title on such date.

5. At the time Debtor filed her petition commencing this case she was employed.  Her income was above median income.  As of today's date, Debtor is unemployed, but actively engaged in seeking re-employment.

6. As of today's date, Debtor has paid into the Chapter 13 Plan $27,084.00.

7. Debtor may at any time after confirmation of her Chapter 13 plan, but before completion of payments under such plan move to modify said plan, provided she meets the

requirements set forth in 11 U.S.C. Section 1329. Section 1329 permits plan modifications that increase or reduce the amount of payments on claims of a particular class provided for by the plan or to extend or reduce the time for such payments. *11 U.S.C. § 1329(a).*

8.  When the Court confirmed a plan in this case, the Debtor had no reason to believe that her employment would be terminated and that she would become unemployed and need to search for new employment.

9.  The Debtor proposes modifying the terms of the confirmed plan to address the substantial changes in her circumstances as follows:

    a.  Reduce ongoing plan payments to $100.00 per month starting March 2026 and continuing through August 2026;

    b.  Resume making monthly plan payments of $3,080.00 starting September 2026 and continuing until month sixty of the plan; and

    c.  Adjust the total dollar amount to be paid pro rata to the holders of timely filed general unsecure claims from $149,581.56 to $115,857.60.

10. Debtor's proposed modified plan also comports with 11 U.S.C. Section 1322, and the requirements of Section 1325(a).

11. Debtor proposes this modified plan in good faith and believes the modified plan she puts forth is a feasible plan that will be sufficient to pay debtor's priority claims.

    **WHEREFORE**, debtor, by and through her counsel, moves the Court for an order to modify the confirmed plan as set forth in the post confirmation modified Chapter 13 plan filed this day also, and for such other relief as the Court may deem just and equitable.

**FULL CIRCLE LAW**

Dated: February 20, 2026                          By:   /s/ Michael Davey

                                                  Michael Davey
                                                  716 E Willow Grove Avenue
                                                  Wyndmoor, PA 19038
                                                  Attorney Reg. 0388285